**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FREDERICK MUTUAL INSURANCE CO.<br>5280 Corporate Drive, Suite A270<br>Frederick, MD 21703<br><br>Plaintiff,<br>v.<br><br>ELEPHANT HOLDINGS, LLC<br>2000 Market Street, Suite 2850<br>Philadelphia, PA 19103<br><br>ROCCO J. LAPENTA<br>875 Seascape Place,<br>Sarasota, FL 34240<br><br>SANDRA LAPENTA<br>875 Seascape Place,<br>Sarasota, FL 34240<br><br>626 HOFFMAN, LLC<br>1439 Huntingdon Road<br>Abington, PA 19001<br><br>DIMITRY BELOGORODSKY<br>4577 Boone Street,<br>Philadelphia, PA 19128<br><br>And<br><br>STEFANIE GALLAGHER<br>4577 Boone Street,<br>Philadelphia, PA 19128<br><br>Defendants. | : | Civil Action No.: 26-8960<br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

AND NOW, comes Plaintiff Frederick Mutual Insurance Company, by and through its counsel, Pion, Nerone, Girman & Smith, P.C., Michael F. Nerone, Esquire, and Brendan K.

Birmingham, Esquire, and files this Complaint for Declaratory Judgment, in support of which it avers the following:

1. The Plaintiff, Frederick Mutual Insurance Company, ("Frederick Mutual") is a duly authorized and licensed Maryland insurance company which maintains its principal place of business in Frederick, Maryland.

2. Defendant, Elephant Holdings, LLC ("Elephant"), based upon information and belief, is a Pennsylvania limited liability company which maintains its principal place of business at 2000 Market Street, Suite 2850, Philadelphia, Pennsylvania 19103.

3. Defendant, Rocco J. Lapenta ("Mr. Lapenta"), based upon information and belief, is an adult individual who resides at 875 Seascape Place, Sarasota, Florida 34240.

4. Defendant, Sandra Lapenta ("Mrs. Lapenta"), based upon information and belief, is an adult individual who resides at 875 Seascape Place, Sarasota, Florida 34240.

5. Upon information and belief, Mr. Lapenta and Mrs. Lapenta are the sole owners of Defendant Elephant.

6. Defendant, 626 Hoffman, LLC ("626 Hoffman") based upon information and belief, is a Pennsylvania limited liability company which maintains its principal place of business at 1439 Huntingdon Road, Abington, PA 19001.

7. Defendant, Dimitry Belogorodsky ("Belogorodsky"), based upon information and belief, is an adult individual who resides at 4577 Boone Street, Philadelphia, PA 19128.

8. Defendant, Stefanie Gallagher ("Gallagher"), based upon information and belief, is an adult individual who resides at 4577 Boone Street, Philadelphia, PA 19128.

9. This Court may properly exercise jurisdiction over the parties and the subject matter of this lawsuit pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in

controversy is in excess of $75,000.00. Additionally, this Court has subject matter jurisdiction over this action, as it is asserted, pursuant to 28 U.S.C. § 2201-2202.

10. Venue is proper in this Judicial District under 28 U.S.C. § 1391(a), as the policy of insurance that is the subject of this action was issued in Pennsylvania and the incident underlying the insurance dispute, based upon information and belief, occurred in Philadelphia County, Pennsylvania.

11. Belogorodsky and Gallagher (collectively the "Claimants") have filed an action against Defendants Elephant, Mr. Lapenta, Mrs. Lapenta, and 626 Hoffman in the Court of Common Pleas of Philadelphia County, Pennsylvania at Case ID: 241200800 (the "Underlying Action"). A true and correct copy of the Complaint in the Underlying Action (the "Underlying Complaint") is attached hereto as Exhibit "A".

12. In the Underlying Complaint, the Claimants assert that the "Builder Defendants"[1] constructed the home located at 4577 Boone Street, Philadelphia, PA 19128 (the "Property"). See Complaint at ¶¶ 1, 22.

13. It is further alleged that Claimants entered into an Agreement of Sale with the Builder Defendants on January 15, 2021 and that prior to closing, they identified defects at the Property which were brought to the Builder Defendants' attention. Id. at ¶¶ 34 – 35.

14. Claimants assert in the Underlying Complaint that they entered into a Post Settlement Repair Addendum with Builder Defendants, by which the Builder Defendants agreed to conduct repairs. Id. at ¶ 36.

15. Claimants also assert that during the first year in the Property, they began to notice water infiltration through the windows and roof. Id. at ¶ 45.

---

[1] In the Underlying Complaint, the Claimants refer to Defendants Elephant, Mr. Lapenta, Mrs. Lapenta, and 626 Hoffman collectively as the "Builder Defendants".

16. Claimants further assert that roof leaks continued throughout 2022 and into 2023. Id. at ¶ 59.

17. Claimants also assert that a December 2024 inspection of the Property revealed a number of construction defects, including: inadequate and improper flashing; elevated moisture levels; cracking and/or roof deterioration; interior leaks; water damage; soft decking; and improper caulking; and defects on the front façade of the home, including installation of the windows, metal siding and brick work. Id. at ¶¶ 65 – 66.

18. The Underlying Complaint alleges five causes of action against the Builder Defendants, including breach of contract (Count I); breach of implied warranty of workmanship (Count II); negligent misrepresentation (Count III); violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count IV); and negligence (Count VI)[2]. Id., generally.

19. Further the Underlying Complaint seeks compensatory and punitive damages. Id.

20. Plaintiff, Frederick Mutual, issued a Businessowners Policy of insurance bearing Policy No. BP21810152 (the "Policy") to Elephant Holdings, LLC for the policy period of February 12, 2023 to February 28, 2023.[3] A true and correct copy of the Policy is attached hereto as Exhibit "B".

21. Plaintiff is providing a defense to Elephant Holdings, LLC, Rocco Lapenta, and Sandra Lapenta, subject to its reservation of any and all rights under the Policy. A true and correct copy of Frederick Mutual's Reservation of Rights Letter is attached hereto as Exhibit "C". A true

---

[2] The Underlying Complaint omits Count V. Plaintiff is using the misnumbered Count VI for ease of reference.

[3] Policy No. BP2181052 incepted for the policy term of February 12, 2018 to February 12, 2019, and was renewed on a year-to-year basis until it was cancelled at Elephant Holdings, LLC's request on February 28, 2023.

and correct copy of Frederick Mutual's Supplemental Reservation of Rights Letter is attached hereto as Exhibit "D".

22. This matter presents a case of actual controversy.

23. Plaintiff brings this action pursuant to both the Pennsylvania Declaratory Judgment Act and the Federal Declaratory Judgment Act.

**COUNT I**
**FOR DECLARTORY RELIEF**

24. The averments contained in Paragraphs 1 through 22 above are incorporated herein by reference, as set forth herein at length.

25. The insuring agreement of the Businessowners Policy liability coverage form states:

> **SECTION II – LIABILITY**
>
> **A. Coverages**
>
> **1. Business Liability**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies…
>
> **b.** This insurance applies:
>
> **(1)** To "bodily injury" and "property damage" only if:
>
> **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

See Exhibit "B", at BP 00 03 07 13, p. 35 of 53.

26. The Policy defines an "occurrence" as follows:

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Id. at p. 49 of 53.

27. Faulty workmanship and breach of contract is not an accident and, therefore, claims arising from faulty workmanship and/or breach of contract do not trigger coverage because there has been no occurrence.

28. All claims asserted in the Underlying Complaint against Elephant, Mr. Lapenta, Mrs. Lapenta, and 626 Hoffman are for faulty workmanship and/or breach of contract and, therefore, are not covered under the Policy.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and declare:

A. The claims asserted by Belogorodsky and Gallagher against Elephant Holdings, LLC, Rocco J. Lapenta, and Sandra Lapenta in the Underlying Action are for faulty workmanship;

B. Frederick Mutual Insurance Company has no obligation to defend Elephant Holdings, LLC, Rocco J. Lapenta, Sandra Lapenta, and/or any other person or entity, for the claims asserted in the Underlying Action;

C. Frederick Mutual Insurance Company has no obligation to indemnify Elephant Holdings, LLC, Rocco J. Lapenta, Sandra Lapenta, and/or any other person or entity, for the claims asserted in the Underlying Action; and

D. Elephant Holdings, LLC, Rocco J. Lapenta and/or Sandra Lapenta are obligated to reimburse Frederick Mutual Insurance Company for all costs and expenses incurred by Frederick Mutual to defend them against the claims asserted in the Underlying Action.

**COUNT II**
**FOR DECLARATORY RELIEF**

29. The averments contained in Paragraphs 1 through 28 above are incorporated herein by reference, as if set forth herein at length.

30. As set forth above, the Underlying Complaint asserts claims for breach of contract (Count I); breach of implied warranties (Count II); and violations of UTPCPL (Count IV).

31. The Policy contains the following contractual liability exclusion:

> B. Exclusions
> 1. Applicable To Business Liability Coverage
>
> This insurance does not apply to:
>
> ***
>
> b. Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement…

See Exhibit B, at BP 00 03 07 13, p. 37 of 53.

32. The above quoted contractual liability exclusion bars coverage for the contractual claims asserted in the Underlying Complaint in Counts I, II, and IV of the Underlying Complaint.

33. Moreover, the Underlying Complaint made materially false and/or negligent statements and communications about the quality of the construction of the Property. See Exhibit A, at ¶¶ 105 – 107.

34. Further, the Underlying Complaint asserts that the [Builder] Defendants owed a duty of care to … [Claimants] to ensure the [Property] was constructed to meet the applicable building code and meet any industry standards. Id. at ¶ 133.

35. The "gist of the action" asserted in the Underlying Action against the Defendants is for breach of contract, in spite of their efforts to allege a negligence claim by asserting that Defendants breached their duty to the Claimants, as Defendants Elephants, Mr. Lapenta and Mrs. Lapenta's duties arose from their contractual relationship with the Claimants.

36. As a result, the contractual liability exclusion similarly bars coverage under the Policy for the Underlying Action's negligent misrepresentation negligence cause of action (Count III) and negligence cause of action (Count VI).

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and declare:

A. The claims asserted by Belogorodsky and Gallagher against Elephant Holdings, LLC, Rocco J. Lapenta, and Sandra Lapenta in the Underlying Action are barred from coverage under the Policy by the contractual liability exclusion;

B. Frederick Mutual Insurance Company has no obligation to defend Elephant Holdings, LLC, Rocco J. Lapenta, Sandra Lapenta, and/or any other person or entity, for the claims asserted in the Underlying Action;

C. Frederick Mutual Insurance Company has no obligation to indemnify Elephant Holdings, LLC, Rocco J. Lapenta, Sandra Lapenta, and/or any other person or entity, for the claims asserted in the Underlying Action; and

D. Elephant Holdings, LLC, Rocco J. Lapenta and/or Sandra Lapenta are obligated to reimburse Frederick Mutual Insurance Company for all costs and expenses incurred by Frederick Mutual to defend them against the claims asserted in the Underlying Action.

**COUNT III**
**FOR DECLARATORY RELIEF**

37. The averments contained in Paragraphs 1 through 36 above are incorporated herein by reference, as if set forth herein at length.

38. The Policy contains a Fungi or Bacteria Exclusion (Liability) Endorsement. See Exhibit B, at BP 05 77 01 06.

39. The Fungi or Bacteria Exclusion bars coverage on claims which arise, in part, from fungi and/or bacteria. Id.

40. Based upon information and belief, some or all of the damages being alleged in the Underlying Action are predicated, in part, upon fungi and/or bacteria allegedly existing at the Premises as a result of water intrusion.

41. Accordingly, the Fungi or Bacteria Exclusion bar coverage from being owed with respect to the Underlying Action.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and declare:

A. The claims asserted by Belogorodsky and Gallagher against Elephant Holdings, LLC, Rocco J. Lapenta, and Sandra Lapenta in the Underlying Action are barred from coverage by the Fungi or Bacteria Exclusion (Liability) Endorsement contained in the Policy;

B. Frederick Mutual Insurance Company has no obligation to defend Elephant Holdings, LLC, Rocco J. Lapenta, Sandra Lapenta, and/or any other person or entity, for the claims asserted in the Underlying Action;

C. Frederick Mutual Insurance Company has no obligation to indemnify Elephant Holdings, LLC, Rocco J. Lapenta, Sandra Lapenta, and/or any other person or entity, for the claims asserted in the Underlying Action; and

D. Elephant Holdings, LLC, Rocco J. Lapenta and/or Sandra Lapenta are obligated to reimburse Frederick Mutual Insurance Company for all costs and expenses incurred by Frederick Mutual to defend them against the claims asserted in the Underlying Action.

**COUNT IV**
**FOR DECLARATORY RELIEF**

42. The averments contained in paragraphs 1 through 41 above are incorporated herein by reference, as if set forth herein at length.

43. Under Section II – Liability, the Policy contains the following exclusions, which state in part:

> **A. Exclusions**
> **1. Applicable To Business Liability Coverage**
>
> This insurance does not apply to:
>
> **l. Damage to Your Product**
> "Property damage" to "your product" arising out of it or any part of it.
>
> …
>
> **n. Damage To Impaired Property or Property Not Physically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**o. Recall Of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";
**(2)** "Your work"; or
**(3)** "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition on it.

See Exhibit B, at BP 00 03 07 13, p. 41 of 53.

44. These business risk exclusions apply to the claims asserted in the Underlying Action against the Defendants, to bar coverage from being owed under the Policy for the claims alleged in the Underlying Action.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and declare:

A. The claims asserted by Belogorodsky and Gallagher against Elephant Holdings, LLC, Rocco J. Lapenta, and Sandra Lapenta in the Underlying Action are barred from coverage by the business risk exclusions l. through o.;

B. Frederick Mutual Insurance Company has no obligation to defend Elephant Holdings, LLC, Rocco J. Lapenta, Sandra Lapenta, and/or any other person or entity, for the claims asserted in the Underlying Action;

C. Frederick Mutual Insurance Company has no obligation to indemnify Elephant Holdings, LLC, Rocco J. Lapenta, Sandra Lapenta, and/or any other person or entity, for the claims asserted in the Underlying Action; and

D. Elephant Holdings, LLC, Rocco J. Lapenta and/or Sandra Lapenta are obligated to reimburse Frederick Mutual Insurance Company for all costs and expenses incurred by Frederick Mutual to defend them against the claims asserted in the Underlying Action.

**COUNT V**
**FOR DECLARATORY RELIEF**

45. The averments contained in paragraphs 1 through 44 above are incorporated herein by reference, as if set forth herein at length.

46. The Policy contains an endorsement titled Pennsylvania Changes – Defense Costs. This Endorsement states, in pertinent part:

> The following is added to **Section II – Liability** Paragraph **A. Coverages:**
>
> If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.
>
> The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

47. By correspondence dated August 28, 2024 and September 11, 2025, Frederick Mutual, through its undersigned counsel, provided Elephant Holdings and Mr. and Mrs. Lapenta with reservation of rights letters which, among other things, advised that coverage may not be

owed and that Frederick Mutual was reserving its rights to pursue reimbursement of defense costs under the above-referenced Endorsement.

48. Because coverage is not owed as is more fully outlined above, Frederick Mutual is entitled to be reimbursed for all defense costs incurred with regard to the defense of Defendants Elephant Holdings, Mr. Lapenta, and Mrs. Lapenta in the Underlying Action.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests that this Honorable Court enter judgment in its favor and against Defendants Elephant Holdings, Rocco J. Lapenta, and Sandra Lapenta, in an amount such that it is fully reimbursed for all defense costs incurred associated with its defense of Defendants Elephant Holdings, Rocco J. Lapenta, and Sandra Lapenta, subject to a reservation of rights, in the Underlying Action.

Respectfully submitted,

PION, NERONE, GIRMAN & SMITH, P.C.

By: /s/Brendan K. Birmingham

Brendan K. Birmingham, Esquire
PA ID #323023
bbirmingham@pionlaw.com

1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA 15222
412-281-2288
Counsel for Plaintiff, Frederick Mutual Insurance Company